**T & E PASTORINO NURSERY; et al., Plaintiffs—Appellants,**

v.

**DUKE ENERGY TRADING AND MARKETING, LLC; et al., Defendants—Appellees.**

No. 03–56793.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Feb. 25, 2005.

Peter E. Borkon, Barbara Lyons, Esq., Cotchett and Pitre San Francisco Airport Office Center, Burlingame, CA, William H. Parish, Esq., Law Office of William H. Parish, Stockton, CA, Christopher Moscone, Moscone Emblidge & Quadra LLP, Paul F. Bennett, Gold Bennett Cera & Sidener, LLP, Bronco Don Holdings, LLP, San Francisco, CA, Dario Deghetaldi, Esq., Corey Luzaich, et al, Millbrae, CA, for Plaintiffs–Appellants.

Edward D. Chapin, Esq., Gordon & Rees, LLP, Douglas R. Tribble, Pillsbury Winthrop LLP, Charles H. Dick, Jr., Esq., Baker & McKenzie, Christopher Healey, Luce Forward Hamilton & Scripps, Nancy L. Stagg, Esq., Gray Cary Ware & Freidenrich LLP, San Diego, CA, John A. Sturgeon, Esq., White & Case, LLP, Los Angeles, CA, Edward P. Davis, Jr., Esq., Gray Cary Ware & Freidenrich, San Francisco, CA, Mark D. Flanagan, Esq., Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, Thomas J. McCormack, Esq., Chadbourne & Parke LLP, New York, NY, for Defendants–Appellees.

Before: BROWNING, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

The parties are familiar with the factual and procedural background of this case, so we recount it only as necessary to our discussion. Plaintiffs claim that the district court did not have jurisdiction over their purely state law causes of action, and that even if there was jurisdiction, the Court erroneously concluded that Plaintiffs' claims were preempted and barred by the filed rate doctrine. We find that the district court had jurisdiction and properly dismissed Plaintiffs' claims.

### 1. Denial of Remand

Plaintiffs' allege that Defendants' conduct in the wholesale energy market violated California law. Plaintiffs' claims are similar to those of the plaintiffs in *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir.1998) (*"Sparta"*), and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir. 2004) (*"Dynegy"*). In both cases, this Court affirmed removal where the plaintiffs' state law claims were partially predicated on the defendants' conduct in an area of exclusive federal jurisdiction. *See Sparta*, 159 F.3d at 1212 (finding that district court had removal jurisdiction because plaintiff's claims were predicated on the NASD's handling of an initial public

offering, an area governed by exchange rules that fell within the exclusive jurisdiction provision of Exchange Act, 15 U.S.C. § 78aa); *Dynegy*, 375 F.3d at 839–43 (finding that district court had removal jurisdiction because plaintiff was suing to enforce obligations created by federal tariffs that fell within the exclusive jurisdiction provision of the Federal Power Act, 16 U.S.C. § 825p).

Here, FERC-approved tariffs would provide the necessary context for the court's analysis of whether Defendants' conduct in the wholesale energy market violated California unfair competition law. Like in *Sparta* and *Dynegy*, Plaintiffs' claim for relief is "partially predicated on a subject matter committed exclusively to federal jurisdiction." *See Sparta*, 159 F.3d at 1212; *Dynegy*, 375 F.3d at 843. Plaintiffs have not pointed to any material difference between this case and those precedents, nor are we aware of any. Thus, even though Plaintiffs' complaint did not explicitly refer to federal law, the district court had subject matter jurisdiction.

We AFFIRM the denial of Plaintiffs' motion for remand.

### 2. Dismissal

Although the district court had jurisdiction over the subject matter of this case, it was nonetheless compelled to dismiss Plaintiffs' state law claims if those claims were preempted by federal law.

Plaintiffs claim that "California consumers have been injured by paying, and being obligated to continue to pay, billions of dollars more for electricity than they would have but for the violations of the defendants...." They ask for restitution, injunctive relief, compensatory and general damages under California unfair competition law, treble damages under the Califor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nia Cartwright Act, and disgorgement of profits. As the district court noted, Plaintiffs' claims and prayer for relief are nearly identical to those found in *Public Utility District No. 1 of Snohomish County v. Dynegy Power Marketing, Inc.*, 384 F.3d 756 (9th Cir.2004) (*"Snohomish"*).

In *Snohomish,* like here, the plaintiffs described a course of conduct through which the wholesaler defendants used their market power to manipulate the wholesale energy market and drive up electricity prices. *See Snohomish,* 244 F.Supp.2d 1072, 1075 (S.D.Cal.2003) ("Plaintiff 'alleges that defendants unlawfully manipulated the market for electric energy by fixing prices and restricting supply into the markets operated by the [PX] and [ISO], or by engaging in other conduct for the purpose of artificially inflating the price of electricity and/or charging unlawful prices for such electricity.'") The plaintiffs requested a remedy that would have required the court to determine what the energy rates would have been in a competitive market absent the defendants' conduct. *See Snohomish,* 244 F.Supp.2d at 1075 ("Plaintiff asks the Court to ... order the Defendants 'to disgorge' all monies wrongfully obtained, and to order the Defendants 'to pay restitution to restore to plaintiff all funds acquired by means of any act or practice declare by this Court to be an unlawful or unfair act or practice.'"). This Court found that, because only FERC had authority to determine the "fair price" for electricity in the wholesale energy market, the plaintiffs' claims were barred by field preemption, conflict preemption, and the filed rate doctrine. *Id.* The same is true here.

■ Plaintiffs' claims are based on conduct that took place in the wholesale energy market, a field regulated by the federal government through the Federal Power Act and placed within FERC's exclusive authority. *See Pub. Util. Dist. No. 1 of*

*Grays Harbor County v. Idacorp Inc.,* 379 F.3d 641, 647 (9th Cir.2004) (*"Grays Harbor"*) ("The test of preemption is whether the matter on which the state asserts the right to act is in any way regulated by the federal government." (quoting *PG & E v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 212–13, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983))). Although Plaintiffs argue that the transactions at issue are solely intrastate retail transactions excluded from the scope of the FPA, they failed to allege any specific non-wholesale transactions in their complaint. In fact, Plaintiffs only refer to retail sales by alleging that artificially increased prices in the wholesale market were passed on to retail consumers. This Court cannot apply state law to Defendants' conduct in the wholesale energy market, an area regulated exclusively by the federal government, simply because it adversely impacted retail prices. *See id.* at 647. The FPA was designed so that FERC would carry out its goals in the wholesale energy market. This Court has found that where, as here, a plaintiff asks the court to set or assume a "fair price" for wholesale energy in order to award damages under a state cause of action, the plaintiff is "invoking a state rule ... that would interfere with the method by which the federal statute was designed to reach its goals." *Id.* at 650. Accordingly, as compelled by precedent, we find that Plaintiffs' claims are barred by both field preemption and conflict preemption. To the extent that the filed rate analysis is distinct from this preemption analysis, it also bars Plaintiffs' claims.

We AFFIRM the district court's decision granting Defendants' motion to dismiss.

**AFFIRMED.**